IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER RIDER,

    Plaintiff,                      CV F 07 1340 LJO WMW PC

    vs.                              ORDER GRANTING LEAVE TO
                                      FILE AN AMENDED COMPLAINT

                                      (THIRTY DAY DEADLINE)

JAMES YATES, et al.,

    Defendants.

      Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at High Desert State Prison, brings this civil rights action against defendant correctional officials employed by CDCR at Pleasant Valley State Prison.

      Plaintiff's claims in this complaint relate to the conditions of his confinement. Specifically, Plaintiff alleges certain of his religious items were intentionally destroyed by Defendants Huckabee, Deathridge and Rangel. The complaint states a claim for relief as to these defendants.

      As to Defendants Yates, Shannon and Voss, Plaintiff has failed to allege facts indicating

1

that they engaged in any conduct other than participation in the appeals process.  Further, liability may be imposed on supervisory defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them.  <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989); <u>Taylor v. Lst</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff does not allege that facts indicating that the supervisory defendants participated in, or knew of and failed to prevent, the alleged wrongs.

As to these defendants, the court finds the allegations in plaintiff's complaint vague and conclusory.   The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed as to these defendants.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a

general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Should Plaintiff fail to file an amended complaint, this action will proceed against Defendants Huckabee, Deathridge and Rangel.  The remaining defendants will be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

IT IS SO ORDERED.

**Dated:   April 15, 2008**              /s/  **William M. Wunderlich**
                                         UNITED STATES MAGISTRATE JUDGE