IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER RIDER,

      Plaintiff,                1: 07 CV 01340 LJO YNP SMS (PC)

    vs.                          ORDER GRANTING LEAVE TO FILE A
                                 SECOND AMENDED COMPLAINT

JAMES YATES, et al.,

      Defendants.

      Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C.
§ 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.
§ 636(b)(1).

      This action proceeds on the June 12, 2008, first amended complaint. Plaintiff, an inmate
in the custody of the California Department of Corrections and Rehabilitation at High Desert
State Prison, brings this civil rights action against defendant correctional officials employed by
CDCR at Pleasant Valley State Prison.

      Plaintiff's claims in this complaint relate to the conditions of his confinement.
Specifically, Plaintiff alleges certain of his religious items were intentionally destroyed by
Defendants Huckabee, Deathridge and Rangel. In an order entered on April 15, 2008, the court
found that the complaint states a claim for relief as to these defendants.

      As to Defendants Yates, Shannon and Voss, the court noted that Plaintiff had failed to

1  allege facts indicating that they engaged in any conduct other than participation in the appeals

2  process.  Liability may be imposed on supervisory defendants under § 1983 only if (1) the

3  supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor

4  knew of the violations and failed to act to prevent them.  Hansen v. Black, 885 F.2d 642, 646

5  (9th Cir. 1989); Taylor v. Lst, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff does not allege that

6  facts indicating that the supervisory defendants participated in, or knew of and failed to prevent,

7  the alleged wrongs.

8       As to these defendants, the court found the allegations in plaintiff's complaint to be vague

9  and conclusory.   The court determined that the complaint did not contain a short and plain

10  statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

11  pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

12  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

13  must allege with at least some degree of particularity overt acts which defendants engaged in that

14  support plaintiff's claim.  The complaint must be dismissed as to these defendants.  The court

15  granted leave to file an amended complaint.

16       In the first amended complaint, Plaintiff indicates that, at some point, the supervisory

17  defendants were present on the yard, and Plaintiff made them aware of the deprivations of his

18  religious property by defendants Huckabee, Deathridge and Rangel.  Plaintiff contends that

19  Yates, Shannon and Voss are liable because they could have taken steps to redress the problem,

20  but chose not to.  Plaintiff does not, however, allege facts indicating that they were personally

21  responsible.  That the supervisory defendants were made aware of the problem after it occurred

22  does not subject them to liability.   Plaintiff alleges that defendants confiscated his property on

23  March 23, 2006.  Plaintiff alleges that when the supervisory defendants came on the yard, he

24  advised them of the conduct that occurred on March 23, 2006.  Plaintiff refers to the supervisory

25  defendants' failure to stop the conduct, but fails to allege any deprivation after he advised the

26

supervisory defendants of the problem.  In order to hold the supervisory defendants liable,

Plaintiff must allege specific facts indicating that the supervisory defendants were aware of the

conduct at issue before it happened.  The first amended complaint, for instance, does not indicate

that date on which the supervisory defendants were on the yard.

The court will grant Plaintiff one further opportunity to file an amended complaint that

states a claim against the supervisory defendants.  Should Plaintiff fail to do so, the court will

direct service of process upon Defendants Huckabee, Deathridge and Rangel, and recommend

dismissal of the supervisory defendants.

Finally, Plaintiff is advised that an amended complaint supercedes the original

complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814

F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or

superceded pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in

an original complaint which are not alleged in an amended complaint are waived." King, 814

F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord

Forsyth, 114 F.3d at 1474.

IT IS SO ORDERED.

**Dated:    February 4, 2010**          **/s/ Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE