# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER S. RIDER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. RANGEL, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO.   1:07-cv-1340-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED IN PART AND PLAINTIFF'S IFP STATUS BE REVOKED<br><br>(ECF No. 38)<br><br>OBJECTIONS DUE 1/31/11 |

　　　　Plaintiff Christopher Rider ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court is Defendants' Motion to Dismiss Under 28 U.S.C. § 1915(g).  Defendants argue that Plaintiff should not be allowed to proceed in forma pauperis ("IFP") given his prior litigation history.  Defendants ask the Court to dismiss this action on the ground that Plaintiff was not entitled to bring this case IFP.

**I.　　LEGAL STANDARD**

　　　　Section 1915(g) of Title 28 of the United States Code provides: "In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  This provision is commonly referred to as the "three strikes" provision of the Prisoner Litigation

Reform Act of 1996. <u>Andrews v. King</u>, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

## II.      ANALYSIS

### A.      Plaintiff's Strikes

Defendants contend that Plaintiff has at least six "strikes" and is therefore ineligible to proceed in forma pauperis. The Court will review each alleged strike in turn below.

**1.      <u>Rider v. Hernandez</u>, 1:07-cv-1862-LJO-SMS (E.D. Cal., filed Dec. 20, 2007)**

The Court finds that <u>Hernandez</u> does not count as a strike for purposes of § 1915(g).

Plaintiff commenced the present action on September 12, 2007. (ECF No. 1.) Pursuant to section 1915(g), a prisoner is precluded from proceeding in forma pauperis in an action if the prisoner has had three <u>prior</u> dismissals. <u>See</u> 28 U.S.C. § 1915(g). Thus, for purposes of determining whether Plaintiff should be permitted to proceed in forma pauperis in this case, only dismissals that occurred prior to September 12, 2007 can count as "strikes".

The order dismissing Plaintiff's Complaint in <u>Hernandez</u> was not entered until February 22, 2008. It cannot, therefore, count as a strike against Plaintiff in the instant action.

**2.      <u>Rider v. Carter</u>, 3:09-cv-2316-L-WMC PC (S.D. Cal., filed Oct. 15, 2009)**

For the reasons stated above, this action does not count as a strike.

**3.      <u>Rider v. Storey</u>, 3:09-cv-1979-JM-POR (S.D. Cal., filed Sept. 8, 2009)**

For the reasons stated above, this action does not count as a strike.

**4.      <u>Rider v. Rider</u>, 3:03-cv-472-RLM-CAN (N.D. Ind., filed June 30, 2003)**

In <u>Rider v. Rider</u>, Plaintiff brought a 42 U.S.C. § 1983 claim against his uncle for alleged physical and sexual abuse. The Northern District of Indiana screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915e(2)(B)(ii) which provides that a court shall dismiss a case at any time if it determines that the action fails to state a claim upon which relief could be granted. Upon finding that the named defendant in that case—Plaintiff's

uncle—was not a state actor, and that the applicable statute of limitations had run on Plaintiff's claims, the Court dismissed Plaintiff's action for failure to state a claim. The dismissal order was entered on July 16, 2003.

Plaintiff argues that this case should not count as a strike because it was not dismissed under § 1915(g). However, the Ninth Circuit has held an action is "dismissed" for purposes of § 1915(g) when it is disposed of for having failed to state a claim, regardless of the phrasing used by the court. O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (noting that § 1915(g) does not distinguish between dismissals "on the merits" and actions dismissed pursuant to a court's screening power). Plaintiff also argues that in all but one of his prior cases, only his complaints—and not the "actions"—were dismissed. Plaintiff's argument in this regard is foreclosed by O'Neal which eliminated any distinction between the two phrases. See id. O'Neal instructs that the Court should look at the actual order dismissing the case to determine whether it was dismissed for failure to state a claim regardless of the phrasing used by the Court or the procedural posture of the prior case. Id.

Having reviewed the Northern District of Indiana's dismissal order in Rider, the Court finds that Plaintiff's claims against his uncle were dismissed for failure to state a claim because Plaintiff's uncle was not a state actor. Accordingly, this dismissal counts as Plaintiff's first strike for purposes of § 1915(g).

**5.    Rider v. Vanater, 3:03-cv-473-RM (N.D. Ind., filed June 30, 2003) ("Vanater")**

In Vanater, Plaintiff brought suit pursuant to 42 U.S.C. § 1983 against his cousin alleging that she sexually abused him when he was six years old. The Court screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and found that it failed to state a claim because his cousin was not a state actor. On July 8, 2003, Plaintiff's complaint was dismissed on this ground.

For the reasons stated above, the Court finds that the dismissal of Vanater is a strike for purposes of § 1915(g). Accordingly, Vanater counts as Plaintiff's second strike.

**6.     Rider v. Kelley, 3:03-cv-474-AS (S.D. Ind., filed July 2, 2003) ("Kelley")**

In Kelley, Plaintiff brought suit under 42 U.S.C. § 1983 against his biological brother alleging that he sexually abused Plaintiff on a number of occasions between 1979 and 1984. The Northern District of Indiana screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and found that it failed to state a claim because Plaintiff's brother was not a state actor. The court also found that the statute of limitations had run on his claims. Plaintiff's complaint was dismissed on these grounds on July 7, 2003.

For the reasons stated above, the Court finds that the dismissal of Kelley is a strike for purposes of § 1915(g). Accordingly, Kelley counts as Plaintiff's third strike.

**B.     Exceptions**

Because Plaintiff had accumulated three strikes before bringing the instant action, he is barred from proceeding in forma pauperis unless his Complaint alleges that he was in imminent danger of serious physical injury at the time the Complaint was filed. See Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007). To satisfy the imminent danger exception, a prisoner must "make[] a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of the filing" and that such danger is ongoing Id. at 1055-56.

Plaintiff alleges that his First Amendment rights were violated when Defendants searched his cell and destroyed his religious material, including an altar, an altar cloth, and Book of Shadows. (Am. Compl., ECF No. 22, p. 3.) There is no allegation of serious physical harm, much less imminent danger of such harm. Accordingly, Plaintiff cannot proceed IFP based on the imminent danger exception to the three strikes rule.

**C.     Remedy**

Defendants ask the Court to dismiss this action because Plaintiff should never have been allowed to proceed in forma pauperis. In the alternative, Plaintiff asks the Court to revoke Plaintiff's IFP status and require that Plaintiff pay the full filing fee before this action can proceed. Defendants cite no authority in support of their argument that the case should be dismissed. The Court believes that the proper course of action is to revoke

Plaintiff's IFP status and grant him a short period of time to pay the full filing fee. See Patton v. Jefferson Corr. Center, 136 F.3d 458, 461 (5th Cir. 1998); Taylor v. U.S. Court of Appeals, 2010 WL 2903073, *2 (N.D. Cal. July 23, 2010).

### III.   CONCLUSION

For the reasons stated above, the Court RECOMMENDS the following:

1. Defendant's Motion to Dismiss be GRANTED in part and DENIED in part.
2. Plaintiff's in forma pauperis status be REVOKED;
3. Plaintiff be required to pay the $ 350.00 filing fee in full within thirty days from entry of the order adjudicating Defendant's Motion to Dismiss.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 13, 2011          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE