# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER S. RIDER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. RANGEL, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:07-cv-1340-LJO-MJS (PC)<br><br>ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS, DENYING MOTION TO RECONSIDER, AND DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE<br><br>(ECF Nos.54, 56, 58, 59 & 60)<br><br>CLERK SHALL CLOSE THE CASE |

　　Plaintiff Christopher S. Rider, a state prisoner proceeding pro se, filed this civil rights action on September 12, 2007.  (ECF No. 1.)  On March 7, 2011, the Court found that Plaintiff was not entitled to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g) and ordered Plaintiff to pay the $350.00 filing fee in full by April 11, 2011.[1]  (ECF No. 55.)  Plaintiff was warned that failure to pay the filing fee would result in dismissal of this action.[2]

///

///

---

[1] Defendants have moved for sanctions based on Plaintiff's claim that he did not file the three cases that make him ineligible to proceed in forma pauperis.  The Court has found that Plaintiff's claims were "fantastical and should be disregarded" and has revoked his IFP status.  (ECF No. 55.)  It will not, however, take the additional step of imposing sanctions on an incarcerated prisoner.  Accordingly, Defendants' Motion for Sanctions (ECF No. 54) is DENIED.  Because the Court has denied the Motion for Sanctions, Plaintiff's Motion for Leave (ECF No. 60) asking the Court for permission to file a late opposition to the Motion for Sanctions is also DENIED.

[2] Plaintiff filed a Motion for Extension of Time asking for additional time to file his motions in opposition to the revocation of his in forma pauperis status.  (ECF No. 56.)  Because Plaintiff has now filed such motions, the Court deems his Motion for Extension moot and such Motion is DENIED.

1

1    Plaintiff has filed a Motion for Reconsideration[3] arguing that he is in imminent danger of
2 serious physical injury and, therefore, is entitled to proceed in forma pauperis despite his litigation
3 history. See 28 U.S.C. § 1915(g). Plaintiff contends that, because he is in prison for crimes that
4 involve forced sexual acts, he is constantly harassed by both prison guards and other inmates and is
5 constantly in danger of serious physical injury. (ECF No. 59.)
6    To satisfy the so-called "imminent danger" exception, the operative complaint must allege
7 that the prisoner is in imminent danger of serious physical injury at the time the action was initiated.
8 See Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007). Plaintiff's Complaint in this case
9 alleges that his cell was wrongfully searched by prison officials and that religious materials and
10 objects were seized and/or destroyed. There is no allegation that Plaintiff was in danger of serious
11 physical injury, much less that such danger was imminent. Nothing in the Complaint suggests that
12 Plaintiff was being subjected to assault and/or harassment due to the nature of the crime for which
13 he is imprisoned. As such, Plaintiff's Complaint fails to satisfy the imminent danger exception and
14 Plaintiff's Motion for Reconsideration is DENIED.[4]
15    A civil action may not proceed absent the submission of either the filing fee or the grant of
16 in forma pauperis status. 28 U.S.C. §§ 1914, 1915. Because Plaintiff is not entitled to proceed in
17 forma pauperis and has not paid the filing fee, dismissal of this action is appropriate. In re
18 Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006);
19 Local Rule 11-110.
20    Accordingly, IT IS HEREBY ORDERED that:
21    1.   Plaintiff's Motion for Extension is DENIED as moot;
22    2.   Defendants' Motion for Sanctions (ECF No. 54) is DENIED;
23    3.   Plaintiff's Motion for Leave to file opposition to Defendants' Motion for Sanctions
24       (ECF No. 60) is DENIED;

---

[3] Plaintiff has also filed a Motion to Strike arguing that the documents filed in support of Defendants' Motion to Dismiss were not authenticated. (ECF No. 58.) The Court has reviewed the documents and find that they satisfy the evidentiary rules. As such, Plaintiff's Motion to Strike is DENIED.

[4] The Court notes that this dismissal is without prejudice so Plaintiff is not precluded from refiling his case if there are true factual allegations that may satisfy the imminent danger exception to the three strikes rule.

2

4. Plaintiff's Motion to Strike Defendants' Motion for Sanctions (ECF No. 58) is DENIED;

5. Plaintiff's Motion for Reconsideration is DENIED;

6. This action is dismissed without prejudice pursuant to Local Rule 11-110 for failure to pay the filing fee.

7. The Clerk shall close the case.

IT IS SO ORDERED.

**Dated:   April 19, 2011**               /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE